### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 10-03259-DD |
| Sea Turtle Cinemas, Inc., | Chapter 11 |
| Debtor. | **ORDER** |

THIS MATTER is before the Court: (1) for a continued hearing on Debtor's motion to extend time to assume or reject a nonresidential real property lease (docket #34), (2) for a continued hearing on the motion of Faison & Associates, LLC ("Faison"), the receiver of Debtor's landlord, to require Debtor to pay post-petition rents (docket #72), (3) for a hearing on Debtor's motion to further extend the time to assume or reject the same nonresidential real property lease referenced above (docket #102), and (4) for a hearing on the motions of Faison and Wells Fargo, N.A., as Trustee, et al. ("Wells Fargo"), the holder of a mortgage encumbering the real property, to compel assumption or rejection of the lease and for relief from the automatic stay (docket #101). A hearing was held on these matters on September 17, 2010. Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052 and 9014, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 4, 2010. Sea Turtle Entertainment, LLC ("Landlord") is a limited liability company organized and existing in South Carolina. Landlord operates Berkley Place shopping center in Bluffton, South Carolina and leases space to, among other tenants, Debtor. Debtor is a corporation organized and existing under the laws of South Carolina. Debtor operates a 45,000 square foot, 12-screen movie theater which opened for business on November 16, 2005 and is the anchor of Berkley Place

shopping center. Debtor's sole business pursuit is the operation of the movie theater; as a result, its primary, essential asset is its lease with Landlord. Landlord and Debtor are owned and managed by the same group of individuals and entities.

Debtor leased the premises on which it operates its business from Landlord in a lease executed on November 15, 2005. This original lease provided for a 15-year term at a rent of $50,000 per month, equaling $600,000 per year, plus common area maintenance ("CAM"), taxes, and insurance. The lease contained an escalation clause. The original lease was signed by Lori Kaylor for both the landlord and the tenant. An amended lease was executed on June 29, 2007, contemporaneous with the closing of a business loan Debtor received from CIBC, Inc. This amended lease provided for rent in the amount of $66,000 per month, equaling $787,000 per year, plus CAM, taxes, and insurance, again with an escalation clause. Ms. Kaylor again signed for both the landlord and the tenant. There is a dispute between Debtor and Faison as to which lease is effective and controlling.

The Court heard extensive, though as yet not fully developed, testimony concerning the lease dispute and the accuracy of historic accounting for rental payments. Debtor also presented income and expense projections for the theater from its business consultant, William Barbee. The testimony, subject to further development, reflects the ongoing dispute as to the amount of prepetition rent owed by Debtor to Landlord. Under one calculation, Debtor owes $243,095.47, and by another calculation Debtor has overpaid Landlord by $346,035.82. Faison suggests that many of the ledger credits were not properly attributed to rent and that back rent of $250,000 or more is due. The consultant presented a business projection for Debtor that reflects sufficient income to pay all expenses and satisfy pre-petition debt with a positive cash flow through at least 2016.

## CONCLUSIONS OF LAW

**I. Debtor's Motion to Further Extend Time to Assume or Reject Lease**

Debtor filed this Motion on August 20, 2010. Debtor's Motion requests that the time for Debtor

to assume or reject its lease on its business premises be extended until November 30, 2010. Debtor's time to assume or reject this lease was previously extended to September 21, 2010 by an Order of this Court entered July 28, 2010.

      11 U.S.C. § 365(4)(A) provides:

[A]n unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
      (i) the date that is 120 days after the date of the order for relief; or
      (ii) the date of the entry of an order confirming a plan.

11 U.S.C. § 365(4)(B)(i) provides:

The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

In the present case, Debtor filed its chapter 11 petition on May 4, 2010, and received an extension from this Court on July 28, 2010, which extended Debtor's time to assume or reject 20 days, to September 21, 2010. Debtor now requests that it be given an extension until November 30, 2010, an extension of 70 additional days. This Court is authorized to extend Debtor's time to assume or reject a lease for a total of 90 days if the Court finds the debtor has shown cause for such an extension. 11 U.S.C. § 365(4)(B)(i). Because Debtor has already received an extension of 20 days, 70 additional days is the maximum extension that the Court can now grant without prior written consent of Landlord. *See* 11 U.S.C. § 365(4)(B)(ii).

Section 365(b)(1) states that if a debtor wishes to assume a lease, it must first cure any defaults under the lease and provide adequate assurance of future performance under the lease. 11 U.S.C. § 365(b)(1). In the present case, Debtor argues that it has the ability to offer a confirmable plan and reorganize, and that it should be given the opportunity to do so. This necessitates an extension of time to assume or reject the lease. The problem is two-fold. First, there is a dispute as to which lease governs and which must be assumed. Second, there is a dispute as to what would cure

the lease. Because the lease is Debtor's primary asset, the lease is essential to Debtor's reorganization, and such reorganization would be impossible without it. Ms. Kaylor testified that numerous changes had recently been made to decrease Debtor's expenses, including raising ticket prices, changing certain suppliers, and decreasing her own salary by more than 50%. Debtor needs additional time to assess the impact of these changes. The Court finds that the time to assume or reject the lease should be extended 90 days pursuant to section 365(4)(B)(i). This affords Debtor time to seek a resolution of the issues of which lease governs and the amount of back rent required for cure. Accordingly, Debtor's time to assume or reject the lease is extended to November 30, 2010. Debtor's Motion is granted, and Faison and Wells Fargo's Motion to Compel Assumption or Rejection of Lease is denied.

**II. Faison and Wells Fargo's Motion Requiring Debtor to Pay Post-Petition Rents**

11 U.S.C. § 365(d)(3) provides in relevant part:

The trustee shall timely perform all the obligations of the debtor, . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, . . . . The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period.

Faison and Wells Fargo argue that because Debtor is paying all of its other financial obligations, it should be required to pay the post-petition rent owed from May 4 to May 31 ("stub rent").

Throughout Debtor's bankruptcy proceeding, Debtor has paid numerous obligations it owed, including attorneys' fees, post-petition rent payments, operating expenses, and certain pre-petition claims relating to its license to screen films. Additionally, as discussed above, Debtor has taken several steps to decrease its expenses, and testimony from Debtor's expert indicated that Debtor will have net cash flow at the end of this year. Testimony also indicated that Debtor has additional funds in a bank account that are currently uncommitted. As a result, the Court finds that Debtor has the current ability to pay its stub rent obligation. Debtor should not be allowed to further delay paying Landlord for the use of Debtor's primary asset, essential to Debtor's reorganization, while paying all

its other obligations.  Further, immediate payment of the stub rent will not affect Debtor's ability to reorganize, as the amount of stub rent owed, even under the higher rate set forth in the amended lease, is presently available to Debtor.  The Motion to Require Debtor to Pay Post-Petition Rents is granted.  Debtor must pay the stub rent owed, calculated pro rata at the rate set forth in the amended lease, within 15 days from the date of the entry of this Order.

### III. Faison and Wells Fargo's Motion for Relief from Stay

11 U.S.C. § 362(d) provides in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay—
> (1) For cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) With respect to a stay of an act against property . . . if –
>   (A) The debtor does not have an equity in such property; and
>   (B) Such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1-2).  Faison and Wells Fargo argue that these provisions are both satisfied, entitling them to relief from the automatic stay under either provision.  They first claim Debtor cannot perform its obligations under the lease and therefore they lack adequate protection.  However, Debtor is current on all financial obligations and for several months has been paying the rent due under the amended lease.  Additionally, testimony of Debtor's expert indicated that Debtor would have net cash flow for this and all future years.  Finally, as stated above, Debtor has made several changes to its expenses to enable it to become more profitable.  As a result, the Court finds that Faison and Wells Fargo have failed to show a lack of adequate protection.

Faison and Wells Fargo also claim that they are entitled to relief from the automatic stay under section 362(d)(2).  As discussed above, the testimony of Debtor and its expert suggest that Debtor does have the ability to successfully reorganize and is taking steps to do so.  Faison and Wells Fargo are not entitled to relief from the automatic stay under section 362(d)(2) because the property is necessary to an effective reorganization.  The Motion for Relief from Stay is denied.

## **CONCLUSION**

Debtor's time to assume or reject its lease is extended to November 30, 2010. Faison and Wells Fargo's Motion to Compel Assumption or Rejection of Lease and Motion for Relief from Stay are denied. Debtor must pay the stub rent it owes under the amended lease to Landlord within 15 days from the date of entry of this Order. Because the issue of the amount of pre-petition rent due has not been resolved, the deadline for filing proofs of claim is extended to December 1, 2010, as to Faison and Wells Fargo only.

**FILED BY THE COURT**
**09/24/2010**



Entered: 09/27/2010

David R. Duncan
US Bankruptcy Judge
District of South Carolina